**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1032n.06

No.  12-5033

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Sep 26, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| KEITH RAY SMITH, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  DAUGHTREY, COLE, and GIBBONS, Circuit Judges.

PER CURIAM.  Keith Ray Smith appeals the district court's denial of his motion to dismiss the indictment charging him with failure to register as a sex offender.  As set forth below, we affirm.

The State of Indiana convicted Smith of child-molesting in 1983, 1986, and 1992.  Upon his release from prison in 1996, Smith registered with the Indiana Sex Offender Registry and kept his registration current until the spring of 2010, when he moved to Michigan.  In late 2010, Smith relocated to Kentucky and established residency.  Smith did not register as a sex offender in either Michigan or Kentucky, nor did he update his registration in Indiana.  On March 11, 2011, local law enforcement stopped Smith's vehicle after a license plate check revealed an outstanding warrant for failure to register as a sex offender in Indiana.  At the time of the stop, Smith admitted that he had been living and working in Boone County, Kentucky, and that he knew of his obligation to register in Kentucky.

No. 12-5033
*United States v. Smith*

A federal grand jury subsequently charged Smith as "an individual required to register under the Sex Offender Registration and Notification Act [(SORNA) who] traveled in interstate commerce and . . . knowingly fail[ed] to register and update a registration as required," in violation of 18 U.S.C. § 2250(a). Smith moved to dismiss the indictment, asserting in part that he was never properly notified of any duty to register as a sex offender, in violation of the Due Process Clause. In denying the motion to dismiss, the district court concluded that Smith had actual notice of the registration requirement. Smith entered into a conditional plea agreement preserving his right to appeal the denial of his motion to dismiss. The district court sentenced Smith to twenty months of imprisonment followed by lifetime supervised release.

In this timely appeal, Smith contends that the district court erred in denying his motion to dismiss the indictment because he did not have notice of the requirement to register as a sex offender under SORNA, in violation of the Due Process Clause. "In reviewing a motion to dismiss an indictment, we review the district court's legal conclusions *de novo* and its findings of facts for clear error or an abuse of discretion." *United States v. Trent*, 654 F.3d 574, 578 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1542 (2012).

Smith argues that he did not have notice of SORNA's registration requirement because he was never required to register as a sex offender under Indiana law, even though he did so anyway. *See Wallace v. State*, 905 N.E.2d 371, 384 (Ind. 2009) (holding that application of the Indiana Sex Offender Registration Act to a defendant who committed his offense before its enactment violated the state constitution's prohibition on ex post facto laws). However, the lack of a state registration requirement "does not affect the independent obligation of a sex offender to register under

-2-

[SORNA]." *Trent*, 654 F.3d at 591. Moreover, Smith's admissions regarding that independent obligation defeat his lack of notice argument. In his plea agreement, Smith admitted that, as a result of his child-molesting convictions, he "is required to register under the Sex Offender Registration and Notification Act for his lifetime," that "he knew of his obligation to register in Kentucky," and that he "knowingly failed to register in Kentucky despite an adequate opportunity to do so." Smith acknowledged those admissions regarding SORNA's registration requirement during the plea colloquy. "He cannot now take the position—contrary to his plea—that he didn't know about that requirement." *United States v. Stock*, 685 F.3d 621, 626 (6th Cir. 2012).

Accordingly, we affirm the district court's order denying Smith's motion to dismiss the indictment.